IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOODLUCK ONYENEHO<br>15027 Pine Top Lane<br>Burtonsville, Maryland 20866<br><br>and<br><br>ADETOLA ADU-NYAMEKYE<br>7775 Rotherham Drive<br>Hanover, Maryland 21076<br><br>*Personally and On Behalf of All Others Similarly Situated*<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY<br>3100 Sanders Road<br>Northbrook, Illinois 60062<br>    SERVE:<br>    C T Corporation System<br>    1015 15th Street N.W.<br>    Suite 1000<br>    Washington, DC 20005<br><br>Defendant. | Case No.:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiffs Goodluck Onyeneho ("Goodluck") and Adetola Adu-Nyamekye ("Tola") (together, "Plaintiffs"), by and through undersigned counsel, and for themselves and all others similarly situated, hereby complain against Defendant Allstate Insurance Company ("Defendant"), to recover unpaid back wages, overtime pay, liquidated damages, reasonable attorney's fees and costs under § 16(b) of the Federal Fair Labor Standards Act of 1938, as

amended, 29 U.S.C. §§ 201 et seq. ("FLSA"); for wages due under the Maryland Wage Payment and Collection Law, Maryland Code, Labor and Employment Article §§ 3-501 et seq. ("MWPCL"); for overtime wages under the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 et seq. ("MWHL"); and for breach of contract, as set forth below.

## PARTIES AND JURISDICTION

1. Plaintiffs are adult residents of the State of Maryland. Plaintiffs' written consent to participate in this lawsuit are attached hereto as Exhibit 1.

2. Defendant is an Illinois corporation with its principal place of business in Northbrook, Illinois. Defendant operates at various business locations, including the District of Columbia. At all times relevant, Defendant was Plaintiffs' "employer" for purposes of the FLSA, MWPCL, and MWHL.

3. Plaintiffs performed a substantial part of their work for Defendant in the District of Columbia.

4. At all times relevant: a) Defendant was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)); b) Defendant qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)); and c) Plaintiffs were individual employees who were engaged in commerce or the production of goods for commerce as set forth in § 7 of the FLSA (29 U.S.C. § 207).

5. This Court has jurisdiction over Defendant pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce." Subject matter jurisdiction is invoked under 28

U.S.C. § 1331 (Federal Question). This Court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

6. From February, 2005 through July, 2006, Goodluck was employed by Defendant as an insurance agent. From November, 2004 through June, 2006, Tola was employed by Defendant as an insurance agent. Plaintiffs were part of a group of approximately ten (10) new recruits to Defendant's 18-month training program for insurance agents.

7. Plaintiffs were paid a base weekly compensation. Plaintiffs were further compensated by a small amount of commissions from sales.

8. Plaintiffs' performed insurance sales for Defendant primarily from Defendant's office in Columbia, Maryland.

9. Plaintiffs each executed virtually identical employment contracts with Defendant. (See e.g., Tola's Contract attached as Exhibit 2) The employment contracts, in § VI(A), promise overtime pay by explicitly stating: "Overtime pay will apply during such period to hours worked in excess of forty (40) in any workweek, including authorized paid time off during any workweek and will be computed at one-half the regular hourly rate of pay. The regular hourly rate of pay is determined by dividing the total weekly base compensation by the total of the number of hours worked plus any hours for authorized paid time off in such work week."

10. Each of the Plaintiffs regularly worked fifty-eight (58) hours per week during their employment, as, on information and belief, did the other agents in this training program. Defendant, however, failed to pay Plaintiffs overtime pay at the rate of one-and-one-half Plaintiffs' regular rate for hours worked over forty (40) in a work week.

11. Plaintiffs did not perform work that meets the definition of exempt work under the FLSA or the MWHL.

12. Plaintiffs are aware of other current and former employees of Defendant who are similarly situated in that they regularly worked in excess of forty (40) hours per week, did not perform work which would qualify them as exempt from the overtime requirements of the FLSA and MWHL, and were nevertheless not paid overtime pay.

## CAUSES OF ACTION

### COUNT I
### Violation of Federal Fair Labor Standards Act

13. Plaintiffs reallege and reassert each and every allegation set forth in Paragraphs 1-12 above, as if each were set forth herein.

14. Section 207(a)(1) of the FLSA provides that "no employer shall employ any of his employees...for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

15. Plaintiffs were "employees" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendant was their "employer" under § 207(a)(2). Defendant, as Plaintiffs' employer, was obligated to compensate Plaintiffs for overtime hours worked, at the overtime rate.

16. Plaintiffs were entitled to, and are owed, overtime pay at the rate of one-and-one-half (1½) times their regular rate of pay for hours worked in excess of forty (40) hours in a given work week. Defendant has failed and refused to compensate Plaintiffs (and others similarly situated) properly and as required by law for numerous overtime hours worked. This failure and refusal to pay compensation as required by the FLSA was willful and intentional, and not in good faith.

WHEREFORE, Defendant is liable to Plaintiffs (and all others similarly situated who have joined in this suit) under Count I for all unpaid overtime wages in such amounts to be proved at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
### Violation of Maryland Wage Payment and Collection Law

17. Plaintiffs reallege and reassert each and every allegation set forth in Paragraphs 1-16 above, as if each were set forth herein.

18. Plaintiffs were "employees," and Defendant was their "employer" within the meaning of the MWPCL, §§ 3-501 et seq. Under MWPCL § 3-505, Defendant, as Plaintiffs' employer, was obligated to pay Plaintiffs all wages due for work that Plaintiffs performed. "Wage" is defined under MWPCL § 3-501(c) as "all compensation that is due to an employee for employment" including "a bonus; a commission; a fringe benefit; or any other remuneration promised for service."

19. Plaintiffs worked over forty (40) hours per week in many work weeks. Defendant failed to pay Plaintiffs for all hours worked and failed to pay Plaintiffs overtime premium pay for hours worked over forty (40), as promised in the employment agreements executed by Plaintiffs. Overtime premium pay constitutes unpaid wages recoverable under the MWPCL.

20. Defendant's failure and refusal to pay wages due as required by the MWPCL was willful and intentional, was not the result of any *bona fide* dispute between Plaintiffs and Defendant, and was not in good faith. Under such circumstances, Plaintiffs may recover, in addition to wages, up to three (3) times the amount of the wages claimed as additional damages pursuant to MWPCL § 3-507.1(b), as well as reasonable attorney's fees and costs.

WHEREFORE, Defendant is liable to Plaintiffs (and all others similarly situated who have joined in this suit) under Count II of the Complaint for all unpaid wages in such amounts to be proven at trial, plus three (3) times the amount of unpaid wages as additional damages, interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### Violation of Maryland Wage and Hour Law

21.  Plaintiffs reallege and reassert each and every allegation set forth in Paragraphs 1-20 above, as if each were set forth herein.

22.  Plaintiffs were "employees" and Defendant was Plaintiffs' "employer" within the meaning of the MWHL. As their "employer," Defendant was obligated to pay Plaintiffs overtime compensation under §§ 3-415 and 3-420 of the MWHL. These sections require payment at the rate of one and one-half (1½) times the rate at which Plaintiffs were compensated for "straight time" (their "regular rate") for all hours worked in excess of forty (40) hours in any given workweek.

23.  Plaintiffs worked in excess of forty (40) hours per week on a regular basis. Defendant failed to pay Plaintiffs overtime pay as required by law. Defendant's failure to comply with its obligations under the MWHL was willful and intentional, was not the result of any *bona fide* dispute between Plaintiffs and Defendant, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiffs (and all others similarly situated who have joined in this suit) under Count III of the Complaint for all unpaid overtime wages in such amounts to be proven at trial. In addition, Plaintiffs pray for interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT IV
**Breach of Contract**

24. Plaintiffs reallege and reassert each and every allegation set forth in Paragraphs 1-23 above, as if each were set forth herein.

25. Each of the Plaintiffs and Defendant entered into an employment contract. Under the contracts, Defendant promised to pay Plaintiffs overtime pay of time-and-one-half Plaintiffs' regular hourly rate for hours worked over forty (40) in a week.

26. Plaintiffs worked in excess of forty (40) hours per week on a regular basis. Defendant never paid Plaintiffs the overtime differential as required by the employment contracts. Defendant has breached its employment contract with Plaintiffs, and plaintiffs have suffered damages resulting therefrom.

WHEREFORE, Defendant is liable to Plaintiffs (and all others similarly situated who have joined in this suit) under Count IV of the Complaint for all unpaid overtime wages in such amounts to be proven at trial. In addition, Plaintiffs claims interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Philip B. Zipin*

Philip B. Zipin, Bar No. 367362
David A. Lucas
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, Maryland 20910
Phone: 301-587-9373
Fax: 301-587-9397
Email: pzipin@zipinlaw.com
       dlucas@zipinlaw.com

*Counsel for Plaintiffs*

8