IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOODLUCK ONYENEHO, *et al.* | * |
| *Personally and On Behalf of All Others Similarly Situated* | * |
| Plaintiffs, | * |
| v. | * Civil Action No.: 06-CV-01365 |
| ALLSTATE INSURANCE COMPANY | * |
| Defendant. | * |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**AFFIDAVIT OF GOODLUCK ONYENEHO**

1. I am over the age of eighteen (18) and competent to testify in this matter.

2. I was employed by Defendant as part of an 18-month insurance agent training program from February 2005 through July 2006.

3. Throughout the period of my employment with Defendant, I performed insurance sales for Defendant primarily from Defendant's office in Columbia, Maryland. During the time of my employment I was not a "full agent," but instead I was a trainee participating in an 18-month training program for insurance agents. My job duties were limited to selling insurance under strict supervision along with on-the-job training in the skills and knowledge necessary to be a "full agent." I never had authority to make or modify a sale without express permission of a supervisor.

4. Throughout the period of my employment with Defendant, I regularly worked over forty (40) hours in a workweek but did not receive overtime compensation


Exhibit 1

for hours worked over forty (40) at a rate of one-and-one-half (1½) times my regular rate of pay.

5.  Throughout the period of my employment with Defendant, numerous other employees employed by Defendant as part of the 18-month insurance agent training program worked in excess of forty (40) hours in a workweek for Defendant, and likewise were not compensated at a rate of one and one-half (1½) times their regular rate of pay for overtime hours worked.

6.  All employees for Defendant that are or were part of the Insurance Agent training program are required by Defendant to sign the standard Allstate R3000 Exclusive Agent Employment Agreement ("Agreement"). I signed such an Agreement, as did everyone else who was in the training program with me.

7.  The R3000 Agreement restricted in many respects what I was able to do on my own without the knowledge and approval of Allstate. For example, I was obligated to carry out my duties "under the direction and control of the Company or its authorized representatives." Agreement at ¶ II.E. I could not incur any expenses not authorized by Allstate. *Id.* at ¶ VI. D. Allstate reserved the right to determine, in its sole discretion, "all matters relating to its business and the operation of the Company," including numerous specific matters. *Id.* at ¶ X. Under the Agreement, I agreed that I would not represent myself as having any authority on behalf of the Company other than that specifically granted to me. *Id.* at ¶ XI.

8.  I have personal knowledge through private conversations with individuals in Defendant's Columbia, Maryland office as well as conversations with individuals at other offices of Defendant, that virtually all agents working for Defendant and involved

in the training program are required to sign the R3000 Agreement, work more than forty (40) hours in many workweeks, and are not compensated at one-and-one-half (1½) times their regular rate of pay for hours worked over forty (40) in a work week. Such employees who were employed with me at the Columbia, Maryland office include Latine Hallstead, and I know that there were many other agents, whose names I do not recall, who also executed the R3000 Agreement and worked as trainee agents for Allstate.

9. I have spoken with several current and former Allstate trainee agents who have told me that they are interested in joining this action and enforcing their rights to receive proper overtime pay. At least some of them, however, are fearful of retaliation by Defendant and other adverse consequences that may ensue as a result, and are reluctant to join the lawsuit.

I SOLEMNLY AFFIRM under the penalties of perjury that the contents of this Affidavit are true and correct.

_9/14/06_
Date

_____
Goodluck Onyeneho