# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GOODLUCK ONYENEHO, *et al.* | * | |
| | * | |
| | * | |
| ***Personally and On Behalf of All Others*** | * | |
| ***Similarly Situated*** | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| v. | * | Civil Action No.: |
| | * | 06-CV-01365 |
| | * | |
| ALLSTATE INSURANCE COMPANY | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AFFIDAVIT OF ADETOLA ADU-NYAMEKYE

1.      I am over the age of eighteen (18) and competent to testify in this matter.

2.      I was employed by Defendant as part of an 18-month insurance agent training program from November, 2004 though June, 2006.

3.      Throughout the period of my employment with Defendant, I performed insurance sales for Defendant primarily from Defendant's office in Columbia, Maryland.  During the time of my employment I was not a "full agent," but instead I was a trainee participating in an 18-month training program for insurance agents.  My job duties were limited to selling insurance under strict supervision along with on the job training in the skills and knowledge necessary to be a "full agent."  I never had authority to make or modify a sale without express permission of a supervisor.

4.      Throughout the period of my employment with Defendant, I regularly worked over forty (40) hours in a workweek but did not receive overtime compensation



for hours worked over forty (40) at a rate of one-and-one-half (1½) times my regular rate of pay for overtime hours worked over forty (40).

5.    Throughout the period of my employment with Defendant, numerous other employees employed by Defendant as part of the 18-month insurance agent training program worked in excess of forty (40) hours in a workweek for Defendant, and likewise were not compensated at a rate of one and one-half (1½) times their regular rate of pay for overtime hours worked over forty (40).

6.    All employees for Defendant that are or were part of the Insurance Agent training program are required by Defendant to sign the standard Allstate R3000 Exclusive Agent Employment Agreement.

7.    The R3000 Agreement, in Article VI "COMPENSATION AND EXPENSES," sets forth, "overtime pay will apply during such periods to hours worked in excess of forty (40) in any workweek, including authorized paid time off during any workweek and will be computed at one-half the regular hourly rate of pay. The regular hourly rate of pay is determined by dividing the total weekly base compensation by the total of the number of hours worked plus any hours for authorized paid time off in such workweek."

8.    I have personal knowledge through private conversations with individuals in Defendant's Columbia, Maryland office as well as conversations with individuals at other offices of Defendant, that virtually all agents working for Defendant and involved in the training program are required to sign the R3000 Agreement who work more than forty (40) hours in many workweeks, and are not compensated at one-and-one-half

one such employee who was employed with me at the Columbia, Maryland office is Latine Halstead

9.      I have spoken with several current and former employees who have told me that they are interested in joining this action and enforcing their rights to receive proper overtime pay.  At least some of them, however, are fearful of retaliation by Defendant and other adverse consequences that may ensue as a result, and are reluctant to join the lawsuit.

I SOLEMNLY AFFIRM under the penalties of perjury that the contents of this Affidavit are true and correct.

09/14/2006
Date

Adetola Adu-Nyamekye