IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOODLUCK ONYENEHO, *et al.* | * |
| *Personally and On Behalf of All Others Similarly Situated* | * |
| Plaintiffs, | * |
| v. | *  Civil Action No.: 06-CV-01365 |
| ALLSTATE INSURANCE COMPANY | * |
| Defendant. | * |

**************************************************************

## AFFIDAVIT OF LATINE HALLSTEAD

1. I am over the age of eighteen (18) and competent to testify in this matter.

2. I was employed by Allstate as part of an 18-month insurance agent training program from approximately December 2004 until May 2006.

3. Throughout the period of my employment with Allstate, I performed insurance sales for Allstate primarily from Allstate's office in Columbia, Maryland. During the time of my employment I was not a "full agent," but instead I was a trainee participating in an 18-month training program for insurance agents. My job duties were limited to selling insurance under strict supervision along with on-the-job training in the skills and knowledge necessary to be a "full agent." I never had authority to make or modify a sale without express permission of a supervisor. Like Goodluck Onyeneho and Adetola Adu-Nyamekye, I signed a standard Allstate R3000 Exclusive Agent Employment Agreement, which strictly governed the terms of my employment



Exhibit 4

relationship with Allstate. A copy of my R3000 Agreement is attached as Exhibit A.

4. At the outset of my employment, as part of the training process, I attended a 10-day long training program in Chicago. There were approximately 100 people in the training program I was in. There were other, similar training programs that ran before and after mine, each of a similar size with people from all around the country. I estimate that there were 1,000 – 1,200 people overall in the training programs that were conducted around the same time as the program I was in. All of these training programs were for Allstate trainee agents like myself, and everyone who was being trained was required to sign the R3000 Agreement.

5. Throughout the period of my employment with Allstate, I regularly worked over forty (40) hours in a workweek but did not receive overtime compensation for hours worked over forty (40) at a rate of one-and-one-half (1½) times my regular rate of pay. In fact, my schedule called for me to work 56-hour weeks. A copy of my weekly work schedule which was given to me by Allstate in December 2004 is attached hereto as Exhibit B. It shows that I was expected to work 10 hours per day, Monday through Friday, and an additional 6 hours on Saturday. These are the hours I maintained during my employment with Allstate in this training program.

6. For my work as an Allstate trainee agent, I received $403 (gross) per week as my "regular" earnings. In addition, I received $57.57 which was denominated as "Agent Trainee Overtime" on my paystub. A sample paystub is attached as Exhibit C. I also received a small commission on insurance products sold.

7. Throughout the period of my employment with Allstate, numerous other employees employed by Allstate as part of the 18-month insurance agent training

program were required to, and did work, in excess of forty (40) hours in a workweek for Allstate, signed the R3000 Agreement, and were not compensated at a rate of one and one-half (1½) times their regular rate of pay for overtime hours worked.

8. I am interested in joining this action and enforcing my right to receive proper overtime pay. However, I am concerned about retaliation by Allstate and other adverse consequences that may ensue as a result, and I am therefore reluctant to join the lawsuit.

I SOLEMNLY AFFIRM under the penalties of perjury that the contents of this Affidavit are true and correct.

09/15/06
Date

*Latine Hallstead* (signature)
Latine Hallstead

3