## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOODLUCK ONYENEHO and ADETOLA ADU-NYAMEKYE<br><br>Personally and On Behalf of All Others Similarly Situated<br><br>Plaintiffs,<br><br>v.<br><br>Allstate Insurance Company,<br><br>Defendant. | Civil Action No. 1:06-cv-01365-ESH |

### DEFENDANT ALLSTATE INSURANCE COMPANY'S
### ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT

NOW COMES Defendant, Allstate Insurance Company, who, by and through its attorneys, hereby submits its Answer and Defenses to Plaintiffs' Collective Action Complaint ("complaint").[1]

With regard to the allegations in the introductory paragraph, Defendant admits that named plaintiffs have filed the instant lawsuit, but denies each and every remaining allegation in the introductory paragraph.

### PARTIES AND JURISDICTION

1.  Defendant is without sufficient information to admit or deny the first sentence of Paragraph 1, and therefore denies all allegations contained therein. Defendant admits that named plaintiffs' written consents to participate in the lawsuit are attached to this complaint. Defendant denies each and every remaining allegation in Paragraph 1.

---

[1] Allstate accepted service of the complaint on October 4, 2006.

2. Defendant admits that its principal place of business is in Northbrook, Illinois, that it is authorized to do business in the District of Columbia, and that it employed each named plaintiff for a period of time. Defendant denies each and every remaining allegation in Paragraph 2.

3. Defendant denies the allegations in Paragraph 3.

4. Defendant admits Paragraph 4 of the complaint.

5. Defendant admits the court has subject matter jurisdiction over the named plaintiffs' complaint. Defendant denies each and every remaining allegation in Paragraph 5.

## STATEMENT OF FACTS

6. Defendant admits that named plaintiffs were employees of Defendant for some period of time. Defendant denies each and every remaining allegation in Paragraph 6.

7. Defendant admits that named plaintiffs received a base weekly compensation and received incentive compensation. Defendant denies each and every remaining allegation in Paragraph 7.

8. Defendant admits that named plaintiffs helped sell insurance for Defendant. Defendant denies each and every remaining allegation in Paragraph 8.

9. Defendant admits that § VI(a) of named plaintiff Adetola's contract states that "Overtime pay will apply during such period to hours worked in excess of forty (40) in any workweek, including authorized paid time off during any workweek and will be computed at one-half the regular hourly rate of pay. The regular hourly rate of pay is determined by dividing the total weekly base compensation by the total of the number of hours worked plus any hours

authorized paid time off in such work week." Defendant denies each and every remaining allegation in Paragraph 9.

10. Defendant denies the allegations in Paragraph 10.

11. Defendant denies the allegations in Paragraph 11.

12. Defendant is without sufficient information to admit or deny the allegations in Paragraph 12, and therefore denies all allegations contained therein.

## CAUSES OF ACTION

### COUNT I

13. Defendant incorporates by reference its response to paragraphs one through twelve as its response to Paragraph 13.

14. Paragraph 14 states a legal conclusion for which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 14.

15. Defendant admits the first sentence of Paragraph 15. Defendant denies each and every remaining allegation in Paragraph 15.

16. Defendant denies the allegations in Paragraph 16 and further denies that plaintiffs are entitled to any of the relief requested in Count I of the complaint.

Defendant denies that Plaintiffs are entitled to any of the relief sought in the "WHEREFORE" paragraph following Paragraph 16 of the complaint.

## COUNT II

17.     Defendant incorporates by reference its response to paragraphs one through sixteen as its response to Paragraph 17.

18.     Defendant admits the allegations in Paragraph 18.

19.     Defendant admits the named plaintiffs worked more than 40 hours in some workweeks.  Defendant denies each and every remaining allegation in Paragraph 19.

20.     Defendant denies the allegations in Paragraph 20 and further denies that plaintiffs are entitled to any of the relief requested in Count II of the complaint.

Defendant denies that Plaintiffs are entitled to any of the relief sought in the "WHEREFORE" paragraph following Paragraph 20 of the complaint.

## COUNT III

21.     Defendant incorporates by reference its response to paragraphs one through twenty as its response to Paragraph 21.

22.     Defendant admits the first sentence of Paragraph 22.  Defendant denies each and every remaining allegation in Paragraph 22.

23.     Defendant admits that the named plaintiffs worked more than 40 hours in some workweeks.  Defendant denies each and every remaining allegation in Paragraph 23, and further denies that plaintiffs are entitled to any of the relief requested in Count III of the complaint.

Defendant denies that Plaintiffs are entitled to any of the relief sought in the "WHEREFORE" paragraph following Paragraph 23 of the complaint.

## COUNT IV

24. Defendant incorporates by reference its response to paragraphs one through twenty-three as its response to Paragraph 24.

25. Defendant admits that it entered into a contract with each named plaintiff. Defendant denies each and every remaining allegation in Paragraph 25.

26. Defendant admits that the named plaintiffs worked more than 40 hours in some workweeks. Defendant denies each and every remaining allegation in Paragraph 26 and further denies that plaintiffs are entitled to any of the relief requested in Count IV of the complaint.

Defendant denies that Plaintiffs are entitled to any of the relief sought in the "WHEREFORE" paragraph following Paragraph 26 of the complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST

Plaintiffs' claims fail to the extent that they have failed to state a claim upon which relief can be granted.

### SECOND

Plaintiffs' claims fail to the extent that they are barred by the applicable statute of limitations.

**THIRD**

Plaintiffs' claims fail as Defendant properly treated and compensated Plaintiffs under the Fair Labor Standards Act ("FLSA") and its regulations, including 29 C.F.R. § 778.114, and the Maryland wage and hour laws.

**FOURTH**

Plaintiffs' claims for damages fail as Defendant did not act willfully or with reckless disregard of applicable FLSA or Maryland state law prohibitions or requirements.

**FIFTH**

Plaintiffs' claims for liquidated damages must fail as Plaintiffs cannot prove the propriety of liquidated damages and such damages are unavailable as a matter of law.

**SIXTH**

There being no proper collective action representative, the entire complaint for relief must be dismissed.

**SEVENTH**

Plaintiffs cannot establish that they are similarly situated to other individuals in the purported putative class, and thus collective action treatment is inappropriate.

**EIGHTH**

The Court may not exercise supplemental jurisdiction over the named plaintiffs' state law claims.

**NINTH**

The complaint should be transferred to the United States District Court for the District of Maryland, Baltimore Division, under 28 U.S.C. § 1404.

WHEREFORE, Allstate Insurance Company respectfully prays that this Court enter judgment in their favor, that the named plaintiffs take nothing thereby, and that this Court award Defendant any and all further relief that this Court deems appropriate.

        Respectfully submitted,

        /s/William F. Allen
        William F. Allen (D.C. Bar No. 454656)
        Tel.: 202.887.4245
        David A. Rappaport (D.C. Bar No. 489272)
        Tel.: 202.887.4307
        AKIN GUMP STRAUSS HAUER & FELD LLP
        1333 New Hampshire Avenue NW
        Washington, DC 20036
        Tel: 202.887.4000
        Fax: 202.887.4288

Date: October 24, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this 24th day of October, 2006, I have electronically filed Defendant Allstate Insurance Company's Answer and Defenses to Plaintiffs' Complaint using the CM/ECF system which will send notification of such filing to the following:

>Philip B. Zipin
>The Zipin Law Firm, LLC
>8403 Colesville Road, Suite 610
>Silver Spring, MD 20910
>
>Counsel for Plaintiffs

>/s/ William F. Allen
>William F. Allen