IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOODLUCK ONYENEHO, *et al.*<br><br>Personally and On Behalf of All Others Similarly Situated<br><br>Plaintiffs,<br><br>v.<br><br>Allstate Insurance Company,<br><br>Defendant. | Civil Action No. 1:06-cv-01365-ESH |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S
MEMORANDUM IN SUPPORT OF ITS MOTION FOR TRANSFER OF VENUE**

**I. INTRODUCTION**

Pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties and witnesses and in the interest of justice, Defendant Allstate Insurance Company ("Allstate") hereby respectfully moves this Court for a transfer of venue to the United States District Court for the District of Maryland, Baltimore Division ("District of Maryland"). In support of this motion, Allstate states that: (1) this case could have been brought in the United States District Court for the District of Maryland, Baltimore Division; (2) relevant private concerns weigh strongly in favor of a transfer of venue in this case; and (3) relevant public concerns weigh strongly in favor of a transfer of venue in this case. Accordingly, Allstate's motion should be granted.

**II. COMPLAINT SUMMARY**

Former Allstate employees Goodluck Onyeneho and Adetola Adu-Nyamekye ("Plaintiffs"), on behalf of themselves and all others similarly situated, filed their complaint on

August 1, 2006. *See* Compl. (Dkt. #1).[1] Plaintiffs seek, *inter alia*, to recover unpaid overtime wages, liquidated damages, and reasonable attorney's fees allegedly due to them under the FLSA, the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501, *et seq.* ("MWPCL"), and/or the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401, *et seq.* ("MWHL"). Compl. at 1-2 & ¶¶ 16, 20, 23. With regard to their FLSA claims, Plaintiffs are also seeking collective treatment under Section 16(b) of the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, et seq. Compl. at 1-2; 29 U.S.C. § 216(b). Plaintiffs also allege state law breach of contract claims for recovery of overtime wages due. Compl. at ¶¶ 24-26. Both Plaintiffs currently reside in Maryland and worked for Allstate "primarily from Defendant's office in Columbia, Maryland." Compl. at p. 1 & ¶ 8.

### III. ARGUMENT

    A.    <u>Legal Standard</u>

The federal venue transfer statute, 28 U.S.C. § 1404(a), provides that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The threshold consideration for a transfer of venue determination is whether the action could have been brought in the proposed transferee district. If this threshold requirement is met, transferring a case pursuant to Section 1404(a) becomes a discretionary matter to be decided on a case-by-case basis, with the Court balancing a number of case-specific factors to determine whether convenience and the interest of justice support such a transfer. *See Animal Science v.*

---

[1] Allstate accepted service on October 4, 2006 and Allstate timely filed its answer on October 24, 2006. *See* Oct. 25, 2006 Minute Order.

*Chinook Group, Ltd. (In re Vitamins Antitrust Litig.)*, 263 F. Supp. 2d 67, 68 (D.D.C. 2003) (citing *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).  More specifically, Section 1404(a) venue transfer determinations are guided by the balancing of nine factors, six related to private concerns and three related to public concerns.  *See Berenson v. Nat'l Fin. Servs.*, LLC, 319 F. Supp. 2d 1, 2 (D.D.C. 2004); *McClamrock v. Eli Lilly & Co.*, 267 F. Supp. 2d 33 (D.D.C. 2003).

Private concerns relevant to the venue transfer analysis include: (1) the plaintiff's choice of forum, unless the balance of convenience is strongly in favor of the defendant; (2) the defendant's choice of forum; (3) whether the claim arose elsewhere; (4) the convenience of the parties; (5) the convenience of the witnesses of the plaintiffs and defendant, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and (6) the ease of access to sources of proof.  *See Berenson*, 319 F. Supp. 2d at 2-3; *Trout Unlimited v. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996).

In addition, the Court considers the following public concerns: (1) the transferee court's familiarity with the governing laws; (2) the relative congestion of the calendars of the potential transferor and transferee courts; and (3) the local interest in deciding local controversies at home. *See Berenson*, 319 F. Supp. 2d at 4; *Liban v. Churchey Group II, L.L.C.*, 305 F. Supp. 2d 136 (D.D.C. 2004).

B.   This Case Could Have Been Brought in the District of Maryland

Plaintiffs invoke federal question jurisdiction under the FLSA.  Compl. ¶ 2.  Where federal jurisdiction is not based solely on diversity, venue is proper

> only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any

3

defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). Having alleged that they "performed insurance sales for Defendant primarily from Defendant's office in Columbia, Maryland," Plaintiffs must concede that "a substantial part of the events or omissions giving rise to" their claims occurred within the District of Maryland. Compl. ¶ 8; 28 U.S.C. § 1391(b)(2). Accordingly, venue is proper in the District of Maryland, Baltimore Division.[2]

    C.    <u>The Balancing of Private Concerns Weighs Strongly in Favor of Venue Transfer</u>

As discussed below, five of the six private factors weigh strongly in favor of Allstate's motion to transfer venue. The sixth factor, convenience of the witnesses, is neutral in application.

    1.    <u>Plaintiff's Choice of Forum</u>

The weight given to a plaintiff's choice of forum, while generally significant, deserves much less deference in the class action or representative action context. *See Berenson*, 319 F. Supp. 2d at 3. Because the Plaintiffs purport to represent a class of similarly situated individuals and seek collective action treatment under the FLSA, their choice of forum should be given little weight. *See* Compl. at 1.

Moreover, "substantially less deference is warranted when the forum preferred by the plaintiff is not his home forum." *Pyrocap Int'l Corp. v. Ford Motor Co.*, 259 F. Supp. 2d 92, 95

---

[2] Rule 501(4)(a)(iii) of the Local Rules of the U.S. District Court for the District of Maryland provides that "class actions shall be governed by the residence of the named plaintiffs." Further, Rule 501(4)(a)(ii) states that "[c]ases in which at least one Maryland party resides in the Northern Division [Baltimore] shall be assigned to judges sitting in the Northern Division." Because Plaintiff Adetola Adu-Nyamekye resides in the Northern Division by virtue of having a Hanover, Maryland home address, this case must be transferred to the Baltimore Division of the District of Maryland, if Allstate's motion is granted.

(D.D.C. 2003) (quoting *Gemological Inst. of Am., Inc. v. Thi-Dai Phan*, 145 F. Supp. 2d 68, 71 (D.D.C. 2001)).  In this case, not only do the Plaintiffs reside in Maryland, they have failed to allege that *any* putative class member resides in the District of Columbia.

In particular, the Court should be wary of forum shopping based on the desire to rely on favorable precedents or to avoid unfavorable precedents in a particular jurisdiction.  *See Schmid Labs., Inc. v. Hartford Accident & Indem. Co.*, 654 F. Supp. 734, 737 (D.D.C. 1986) (court "cannot find that it is in the interest of justice to encourage, or even allow, a plaintiff to select one district exclusively or primarily to obtain or avoid specific precedents").  With regard to the fluctuating workweek method of paying overtime compensation, the D.C. Circuit has not interpreted the "clear mutual understanding" requirement of 29 C.F.R. § 778.114, a central issue in this case.[3]  On the other hand, the Fourth Circuit has repeatedly addressed the standards for using the fluctuating workweek method.  *See, e.g.*, *Griffin v. Wake County*, 142 F.3d 712 (4th Cir. 1998); *Roy v. County of Lexington*, 141 F.3d 533, 547 (4th Cir. 1998); *Flood v. New Hanover County*, 125 F.3d 249 (4th Cir. 1997); *Mayhew v. Wells*, 125 F.3d 216 (4th Cir. 1997); *Bailey v. County of Georgetown*, 94 F.3d 152 (4th Cir. 1996).  In this case, it appears that Plaintiffs, both Maryland residents who "performed insurance sales for Defendant primarily from Defendant's office in Columbia, Maryland," are engaging in forum shopping to avoid Fourth Circuit precedent.  *See* Compl. at p. 1 & ¶ 8.  Accordingly, Plaintiffs' designation of this Court as the forum for this lawsuit carries little significance.

---

[3] District courts in the D.C. Circuit have on two occasions discussed the fluctuating workweek method calculations..  *See Hunter v. Sprint Corp.*, No. 04-0376 (JDB), 2006 U.S. Dist. LEXIS 67800 (D.D.C. Sept. 22, 2006); *Rainey v. Am. Forest & Paper Ass'n*, 26 F. Supp. 2d 82, 102 (D.D.C. 1998).

5

### 2. Defendant's Choice of Forum

When a transfer of venue is sought, the plaintiff's choice of forum must be balanced with the defendant's preferred venue. In this case, Allstate seeks a transfer of venue to the District of Maryland because, as discussed below, the claims arose within that district, likely witnesses and evidence are located therein, the district's docket is less congested than this Court's, and the district has greater familiarity with the law governing Plaintiffs' Maryland state law claims. Therefore, on balance, Allstate's choice of forum should be afforded greater deference by this Court.

### 3. Whether the Claims Arose Elsewhere

Based on the allegations contained in the complaint, it appears that all of Plaintiffs' claims arose in Maryland. Again, Plaintiffs "performed insurance sales for Defendant primarily from Defendant's office in Columbia, Maryland." Compl. at ¶ 8. In addition, Plaintiffs performed the majority of their work activities in the state of Maryland. *See* Declaration of Todd Friedman ("Friedman Decl.") at ¶¶ 4-5 (attached as Exhibit 1). Furthermore, Plaintiffs only allege Maryland statutory claims for unpaid wages and do not assert any claims under the District of Columbia's wage payment law. *See* D.C. Code § 32-1301, *et seq*. Thus, this factor weighs in favor of venue transfer.

### 4. The Convenience of the Parties

The convenience of the parties also favors adjudication of this case in the District of Maryland. As with any large corporation, Allstate representatives are located throughout the country. However, in this case, two of the regional Allstate representatives primarily associated with overseeing Plaintiffs' work location are located in Maryland. *See* Friedman Decl. at ¶¶ 6-7. In addition, Plaintiffs, both Maryland residents, are located closer to the Baltimore Division

6

courthouse than to this Court's location.  Defendant requests that the Court take judicial notice that:  (1) Plaintiff Onyeneho resides approximately 23.22 miles from the Baltimore Division courthouse and 26.41 miles from this Court's location; and (2) Plaintiff Adu-Nyamekye resides approximately 12.92 miles from the Baltimore Division courthouse and 27.27 miles from this Court's location.[4]  Thus, the District of Maryland is more convenient for both Plaintiffs and Allstate.

> 5. The Convenience of the Witnesses

Courts also consider "[t]he convenience of the witnesses of the plaintiff and defendant, but only to the extent that the witnesses may actually be unavailable for trial in one of the fora." Furthermore, "[a]n important factor in determining whether to transfer an action is also the availability of compulsory process to compel the attendance of [witnesses] . . ." *McClamrock*, 267 F. Supp. 2d at 37-38 (citing *Chung v. Chrysler Corp.*, 903 F. Supp. 160, 164 (D.D.C. 1995).  In this case, Defendant is unaware of any witnesses who will be unavailable for trial at either forum.  Thus, the convenience of the witnesses weighs neither in favor nor against transfer of venue.

> 6. Ease of Access to Sources of Proof

Sources of proof valuable to all parties in this case are more likely to exist in Maryland rather than the District of Columbia.  For example, a number of potential witnesses and/or putative class members who "were part of a group of approximately ten (10) new recruits to Defendant's 18-month training program for insurance agents," as alleged in Plaintiffs' complaint,

---

[4] These distances were estimated by consultation to the widely available and well-recognized search engine "MapQuest," available at http://www.mapquest.com (last visited Oct. 18, 2006), based on the Plaintiffs' addresses contained in the complaint and the locations of the courthouses provided on the courts' official websites.

are likely to reside in Maryland. Compl. ¶ 6. As discussed, two of the regional Allstate representatives primarily associated with overseeing Plaintiffs' work location are located in Maryland. *See* Friedman Decl. at ¶¶ 6-7. In addition, other potential witnesses are very likely to reside in Maryland given that Plaintiffs' agency agreements entitled them to sell Allstate insurance in that jurisdiction. *See* Compl., Ex. 2.

      D.      The Balancing of Public Concerns Further Weighs Strongly in Favor of Venue Transfer

As discussed below, all three public factors weigh strongly in favor of transfer of venue to the District of Maryland.

          1.     Transferee's Familiarity With the Governing Laws

Courts in the District of Maryland are more likely to have familiarity with the Maryland statutes and common law which will govern Plaintiffs' state law claims. *See, e.g.*, *Gresham v. Lumberman's Mut. Cas. Co.*, 426 F. Supp. 2d 321, 322-24 (D. Md. 2005) (interpreting the Maryland Wage Payment and Collection Law); *Provident Bank v. McCarthy*, 383 F. Supp. 2d 858, 860-61 (D. Md. 2005) (same); *Heath v. Perdue Farms, Inc.*, 87 F. Supp. 2d 452, 456-63 (D. Md. 2000) (interpreting the Maryland Wage and Hour Law). Thus, this factor weighs in favor of transfer of venue.

          2.     Relative Congestion of the Calendars of the Respective Courts

According to the federal judiciary's most recent annual report, the civil case docket for the District of Maryland is notably less congested than the civil case docket for the District Court for the District of Columbia. *See* "Federal Court Management Statistics-2005," *available at* http://www.uscourts.gov/fcmstat/index.html (last visited October 18, 2006). In 2005, civil cases in the District of Columbia district courts averaged 10.8 months from filing to disposition, and 35.0 months from filing to trial. In comparison, civil cases in the Maryland court averaged 8.9

8

months from filing to disposition, and 26.0 months from filing to trial.  *See id*.  Furthermore, in 2005, 14.1 percent of the civil cases in the District of Columbia district courts were over three years old, compared to only 4.2 percent for the District of Maryland district courts.  *See id.*  These statistics firmly establish that the District of Maryland's court calendar is significantly less congested than this Court's calendar during the time period this case will be litigated.

### 3. Interest in Deciding Local Controversies at Home

Finally, the local interest in deciding local controversies at home favors transfer of this case to the District of Maryland.  Although Plaintiffs' alleged FLSA claims may extend to a nationwide class of persons as a collective action, as discussed, Plaintiffs' other individual claims arise solely under Maryland state law.  Moreover, it is undisputed that Plaintiffs operated out of a Maryland office location.  As such, Maryland has a great interest in having this controversy resolved in its home courts.

## IV. CONCLUSION

For the foregoing reasons, Allstate respectfully requests that the Court transfer this case to the United States District Court for the District of Maryland, Baltimore Division.

Respectfully submitted,

 /s/William F. Allen
William F. Allen (D.C. Bar No. 454656)
Tel.: 202.887.4245
David A. Rappaport (D.C. Bar No. 489272)
Tel.: 202.887.4307
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue NW
Washington, DC 20036
Tel: 202.887.4000
Fax:  202.887.4288

Date:  October 26, 2006

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2006, a copy of the foregoing Defendant Allstate Insurance Company's Motion for Transfer of Venue, Memorandum of Points and Authorities in Support of Motion for Transfer of Venue, and attached Proposed Order was served upon the following by CM/ECF electronic notification and by First Class United States Mail, postage pre-paid:

Philip B. Zipin
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910

      /s/ Thaddeus Plante_____