THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GOODLUCK ONYENEHO, *et al*.<br>Personally and On Behalf of All Others Similarly Situated,<br>　　　　　Plaintiffs,<br>　　v.<br>Allstate Insurance Company,<br>　　　　　Defendant. | Civil Action No. 1:06-cv-01365-ESH |

### DEFENDANT ALLSTATE INSURANCE COMPANY'S
### CONSENT MOTION TO HOLD PLAINTIFFS' EXPEDITED MOTION IN ABEYANCE

Pursuant to Fed. R. Civ. P. 1 and this Court's inherent power to control its docket, Defendant Allstate Insurance Company ("Allstate"), with consent of Plaintiffs, hereby respectfully moves this Court for an Order holding in abeyance Plaintiffs' Expedited Motion to Facilitate Identification and Notification of Similarly Situated Employees ("Pls.' Expedited Motion"), filed October 23, 2006, until the Court has considered and ruled upon Allstate's Motion to Transfer Venue to the United States District Court for the District of Maryland, Baltimore Division ("District of Maryland").  In support of this motion, Allstate offers the following points and authorities:

1.　　In Plaintiffs' Expedited Motion, Plaintiffs noted that "prompt notification of the potential class members is critical in that, unlike a Rule 23 class action, the statute of limitations is not tolled for those potential class members by the filing of the present Complaint."  Pls.' Expedited Motion at 9-10.

2. On October 26, 2006, Allstate filed its Motion for Transfer of Venue.

3. If Allstate's Motion for Transfer of Venue is granted, Allstate respectfully suggests that determination of Plaintiffs' Expedited Motion should be decided by the transferee court based on applicable Fourth Circuit precedent.

4. Priority consideration of Allstate's Motion for Transfer of Venue is in the interest of a "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1. Such consideration may conserve the resources of this Court, if the Court transfers venue to the District of Maryland. In addition, the litigants' resources may be conserved since the Expedited Motion would not have to be re-addressed in light of any applicable Fourth Circuit or District of Maryland case authority, in the event of a transfer.

5. Accordingly, Allstate requests that Plaintiffs' Expedited Motion be held in abeyance pending resolution of Allstate's Motion for Transfer of Venue and that a new briefing schedule be established upon such resolution.

6. Pursuant to LCvR 7(m), Defendant's counsel conferred with Plaintiffs' counsel by telephone on October 26, 2006 regarding this motion. During the meet-and-confer process, the parties agreed to toll the limitations period with respect to any putative class member who may opt-in to this case for such time as the Court considers Allstate's Motion for Transfer of Venue. Therefore, Plaintiffs' counsel has authorized Defendant's counsel to represent to the Court that Plaintiffs consent to this motion.

A proposed Order is attached.

Respectfully submitted,


_/s/William F. Allen_____
William F. Allen (D.C. Bar No. 454656)
Tel.: 202.887.4245
David A. Rappaport (D.C. Bar No. 489272)
Tel.: 202.887.4307
AKIN GUMP STRAUSS HAUER & FELD LLP
1333 New Hampshire Avenue, N.W.
Washington, DC 20036
Tel: 202.887.4000
Fax:  202.887.4288

Date:  October 26, 2006

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 26, 2006, a copy of the foregoing Defendant Allstate Insurance Company's Consent Motion to Hold Plaintiffs' Expedited Motion in Abeyance and attached Proposed Order was served upon the following by CM/ECF electronic notification and by First Class United States Mail, postage pre-paid:

Philip B. Zipin
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910

      \_\_s/\_ Thaddeus Plante\_\_\_\_
      Thaddeus Plante