IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| GOODLUCK ONYENEHO, *et al.*<br><br>Personally and On Behalf of All Others Similarly Situated<br><br>    Plaintiffs,<br><br>  v.<br><br>Allstate Insurance Company,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **Civil Action No. 1:06-cv-01365-ESH** |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S REPLY MEMORANDUM
TO PLAINTIFFS' OPPOSITION TO MOTION FOR TRANSFER OF VENUE**

  Defendant Allstate Insurance Company ("Allstate") respectfully submits this reply to Plaintiffs' memorandum opposing Defendant's motion for transfer of venue.

**1.  Plaintiffs Concede That Venue Is Proper In The District Of Maryland**

  Plaintiffs do not challenge Allstate's assertion that this action could have been properly brought in the United States District Court for the District of Maryland ("District of Maryland"). Def.'s Mem. at 3-4 (Dkt. # 10). Where an argument is not addressed by the opposing party to a motion, the Court may treat the argument as conceded. *See, e.g., Buggs v. Powell*, 293 F. Supp. 2d 135, 141 (D.D.C. 2003) (Walton, J.); *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002) (Urbina, J.).

**2.    Plaintiffs Concede That At Least Five Factors Support Transfer Of Venue**

In its opening memorandum, Allstate argued that eight of the nine factors applicable to venue transfer determinations weigh in favor of transfer, with the ninth factor, convenience of the witnesses, being neutral in application. *See* Def.'s Mem. at 4-9. In their opposition memorandum, Plaintiffs only challenge Allstate's analysis of three of the eight factors favoring transfer, namely: (1) plaintiff's choice of forum; (2) the convenience of the parties; and (3) the transferee court's familiarity with the governing laws. Pls.' Opp'n Mem. at 3-6 (Dkt. #12). By failing to address Defendant's analysis of the other factors, Plaintiffs concede that the following factors weigh in favor of transfer: (1) Defendant's choice of forum; (2) whether the claim arose elsewhere; (3) the ease of access to sources of proof; (4) the relative congestion of the calendars of the transferor and transferee courts; and (5) the local interest in deciding local controversies at home. *See, e.g., Buggs*, 293 F. Supp. 2d at 141; *Stephenson*, 223 F. Supp. 2d at 121.

**3.    Plaintiffs' Choice Of Forum Is Entitled to Little Deference**

Plaintiffs' argument that their choice of forum should be controlling is unsupported by the law in this jurisdiction. Rather, this case presents several of the circumstances in which deference to a plaintiff's choice of forum is greatly diminished.[1]

Quoting from *Liban v. Churchey Group II, L.L.C.*, 305 F. Supp. 2d 136, 142 (D.D.C. 2004) (Urbina, J.), Plaintiffs maintain that "courts generally must afford substantial deference to the plaintiff's choice of forum." Pls.' Mem. at 3. However, Plaintiffs omit the next two critical

---

[1] Plaintiffs quibble with Allstate's representation of the deference standard in cases involving class actions. See Pls.' Mem. at 3-4. Whether Plaintiffs' forum choice in such situations is entitled to "less weight" or "much less deference" or "little weight" is not critical where so many other conditions exist which diminish the Court's deference to Plaintiffs' choice of forum. *See Berenson v. Nat'l Fin. Servs. LLC*, 319 F. Supp. 2d 1, 3 (D.D.C. 2004) (Walton, J.); Def.'s Mem. at 4.

sentences from Judge Urbina's opinion, which identifies two of the circumstances in which the Court's deference to the plaintiffs' choice of forum is diminished:

> But this deference is weakened when the plaintiff is not a resident of the chosen forum. This deference is further mitigated if a plaintiff's choice of forum has "no meaningful ties to the controversy and no particular interest in the parties or the subject matter." *Wilderness Soc'y v. Babbitt*, 104 F. Supp. 2d 10, 13 (D.D.C. 2000); *M Airport Working Group of Orange County, Inc., v. Dep't of Defense*, 226 F. Supp. 2d 227, 231 (D.D.C. 2002) (noting that when the connection between the controversy, the plaintiff, and the chosen forum is attenuated, the court gives less deference to the plaintiff's chosen forum).

*Liban*, 305 F. Supp. 2d at 141-42 (citation omitted); *see also Pyrocap Int'l Corp. v. Ford Motor Co.*, 259 F. Supp. 2d 92, 95 (D.D.C. 2003) (Sullivan, J.) ("substantially less deference is warranted when the forum preferred by the plaintiff is not his home forum.") (cited in Def.'s Mem. at 4-5). In addition to these two factors, "[d]eference to plaintiffs' forum choice is diminished where, as here, transfer is sought to the plaintiffs' resident forum." *M Airport Working Group*, 226 F. Supp. 2d at 230 (Huvelle, J.) (citations omitted); *see also Payne v. Giant of Maryland, L.L.C.*, Civ. A. No. 05-897, 2006 WL 1793303, *4 (D.D.C. June 28, 2006) (Kessler, J.) ("the deference to a plaintiff's choice of forum is substantially diminished where . . . transfer is sought to the forum where plaintiff[] reside[s].") (internal quotation omitted).

In this case, it is undisputed that the plaintiffs are residents of the proposed transferee forum – the District of Maryland. Thus, any deference due plaintiffs' forum choice is weak at best. *Liban*, 305 F. Supp. 2d at 141-42. Such deference is further diminished because the proposed transferee court is the plaintiffs' resident forum and the subject matter of the suit is connected to that forum. *See M Airport Working Group*, 226 F. Supp. 2d at 230; *Trout Unlimited v. United States Dep't of Agriculture*, 944 F. Supp. 13, 17 (D.D.C. 1996) (Urbina, J.) ("the showing defendants must make is lessened . . . where, as in this case, transfer is sought to

the forum with which the plaintiffs have substantial ties and where the subject matter of the lawsuit is connected to that state.").

Courts in this district have repeatedly accorded a plaintiff's forum choice little deference and transferred cases to the District of Maryland where, as here, the District of Columbia has minimal or no meaningful ties to the controversy. *See, e.g., Payne*, 2006 WL 1793303 at *4; *Devaughn v. Inphonic, Inc.*, 403 F. Supp. 2d 68, 73 (D.D.C. 2005) (Urbina, J.); *O'Shea v. Int'l Bhd. of Teamsters, Local Union No. 639*, No. Civ. A. 04-0207(RBW), 2005 WL 486143 at *3 (D.D.C. Mar. 2, 2005) (Walton, J.); *Liban*, 305 F. Supp. 2d at 142.

For instance, in *Liban*, plaintiff alleged violations of federal and District of Columbia fair housing laws. Plaintiff, a Maryland resident, read a Washington Post advertisement for a new housing development project in Maryland and called the developer from her District of Columbia office. *Liban*, 305 F. Supp. 2d at 140. Although the viewing of an advertisement targeted at Washington, D.C. and the telephone call were sufficient to establish venue in the District of Columbia court, the court found that plaintiff's choice of forum "merit[ed] little deference for purposes of the transfer analysis." *Id.* at 142. In particular, plaintiff and all defendants resided in Maryland, the alleged discriminatory statements took place in Maryland, and the defendant's website was maintained in Maryland. *Id.*

In *O'Shea*, a plaintiff sought to recover damages from his employer and union under federal and Maryland state law based on his allegedly unlawful termination. 2005 WL 486143 at *1. While plaintiff was a member of a local union based in the District of Columbia and challenged his union's conduct that allegedly occurred in the District of Columbia, he worked out of a Maryland facility and his discharge occurred in Maryland. Thus, Judge Walton found

4

that "little deference" should be given to plaintiff's choice of forum because the matter had "minimal meaningful ties to the District of Columbia." *Id.* at *3.

Similarly, in *Devaughn*, plaintiff alleged that she was discriminatorily discharged based upon her race and for taking approved medical leave by her employer, whose principal place of business was in the District of Columbia. However, Plaintiff worked exclusively in a Maryland office, was supervised by a Maryland resident, and was terminated in Maryland. 403 F. Supp. 2d at 70-71. In light of the "tenuous connection" to this forum and the "many material connections" of the action to Maryland, Judge Urbina afforded "substantially less deference" to plaintiff's forum choice. *Id.* at 72-73; *see also Payne,* 2006 WL 1793303 at *5 (although plaintiff was living in the District of Columbia at the time he filed the action, the court accorded "minimal deference" to plaintiff's forum choice because the plaintiff was employed by defendant in Maryland, the alleged unlawful acts occurred in Maryland, and plaintiff appeared to have a permanent residence in Maryland at the time the motion was considered).

In this case, Plaintiffs concede that they performed insurance sales for Allstate "primarily from Defendant's office in Columbia, Maryland," and do not dispute that the majority of their work activities were performed in Maryland. Pls.' Mem. at 2; *see* Def.'s Mem. at 6 & Ex. 1 at ¶¶ 4-5. Plaintiffs were scheduled in Maryland and supervised by an individual who maintained his only office in Maryland. *See* Declaration of Duane Crupper ("Crupper Decl.") at ¶¶ 5-8 (attached as Ex. 1). Plaintiffs also received their wages in Maryland. *Id.* at ¶¶ 6, 8. Thus, any alleged non-payment of overtime payments also occurred in Maryland.

Plaintiffs' only asserted connection to this forum is that they were authorized and licensed to conduct business on behalf of Allstate in the District of Columbia and sold a small number of insurance policies to District of Columbia residents. Plaintiff Onyeneho avers in an affidavit that

5

he sold "between two and five" policies and Plaintiff Adu-Nyamekye claims to have sold "approximately ten policies" to District of Columbia residents during their eighteen-month employment.[2] *See* Pls.' Mem. at 2 & Exs. 2-3. However, this volume of activity represented only a small fraction of each plaintiff's total sales activity during their employment with Allstate. *See* Crupper Decl. at ¶¶ 9-10. In sum, while Plaintiffs' assertions are sufficient to establish this forum as a proper venue for this action, these connections are far too attenuated from this wage payment controversy to justify more than minimal deference to plaintiffs' choice of forum.

Finally, the collective action nature of this lawsuit also diminishes the deference to be accorded to Plaintiffs' choice of forum. *See Berenson*, 319 F. Supp. 2d at 3. As Plaintiffs acknowledge, "there is no way of knowing how many, if any, opt-in plaintiffs may join this suit," Pls.' Mem. at 4. The Court may not speculate as to where potential opt-in plaintiffs may reside in the venue transfer analysis. However, even if this action was certified for collective treatment, no R3000 agent maintained an office in the District of Columbia. *See* Crupper Decl. at ¶ 12. Thus, as in *Berenson*, this forum has little connection to this purported collective action.

**4.     The Convenience Of The Parties Is At Best A Neutral Factor**

Plaintiffs concede that they both reside closer to the Baltimore courthouse than this Court's courthouse, but argue that such differences in distance are *de minimis* at best. Pls.'

---

[2] The Court should not ascribe any weight to Latine Halstead's affidavit in determining this forum's connection to the controversy. *See* Pls.' Mem. at 2, 4-5 & Ex. 4. The choice of forum inquiry focuses on the plaintiffs themselves, and not non-parties who may or may not join the lawsuit at a later time. *See In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 116 (2d Cir. 1992) (observing that non-parties generally lack standing to challenge venue dispositions); *American Home Assur. Co. v. RJR Nabisco Holdings Corp.*, 70 F. Supp. 2d 296, 299-300 (S.D.N.Y. 1999) (denying non-party's motion to transfer venue for failure to formally intervene or otherwise join the action). Ms. Halstead is not a party-plaintiff in this action, and her alleged fear of retaliation (which is prohibited by the FLSA, *see* 29 U.S.C. § 215(a)(3)) is irrelevant. If Ms. Halstead would like to join this lawsuit, she must take the affirmative step of filing a consent-to-join. *See* 29 U.S.C. § 216(b).

6

Opp'n at 5. Indeed, Plaintiffs argue that this Court is actually "extremely convenient" for them. In support of this argument, Plaintiffs rely upon the location of counsel in Silver Spring as a factor in the convenience analysis. However, "[t]he location of counsel carries little, if any, weight in an analysis under § 1404(a)." *Liban v. Churchey Group II, L.L.C.*, 305 F. Supp. 2d 136, 142 (D.D.C. 2004) (Urbina, J.) (internal quotation omitted). Courts in this district have concluded that the close proximity of this Court and the District of Maryland minimizes inconvenience to any of the parties. Thus, contrary to Plaintiffs' assertion, the "inconvenience of the parties" factor weighs in favor of transfer, or at best is neutral in application. *See O'Shea*, 2005 WL 486143 at *4 (finding close proximity weighs in favor of transfer); *Liban*, 305 F. Supp. 2d at 142 (finding close proximity weighs neither for or against transfer).

**5.    The District Of Maryland's Equal Familiarity With Federal Law Supports Transfer Of This Action**

As they must, Plaintiffs "concede the obvious" that the District of Maryland has more familiarity with the Maryland state law claims at issue in this case. *See* Pls.' Opp'n at 6; Def.'s Mem. at 8. Nevertheless, Plaintiffs argue that it is "likely, although not definite" that the main issue in this case will be whether Plaintiffs are owed overtime under federal law, and thus this Court is equally competent to decide such matters. However, in *Devaughn*, a case involving *only* federal claims, Judge Urbina found that the presumption of equal competence among federal courts with respect to federal law issues supported transfer to the District of Maryland. 403 F. Supp. 2d at 73.

This case, where Maryland state law claims are also at issue, presents an even stronger case for transfer than the circumstances in *Devaughn*. Indeed, in their opposition brief, Plaintiffs cite the contract language in support of their overtime theory. *See* Pls.' Opp'n at 6 (citing Ex. 1, Art. VI). Because Maryland law governs this contract language, the Court will be required to

7

apply Maryland contract principles and precedent to interpret the overtime provisions at issue in the contract. Thus, the District of Maryland is better positioned to consider the issues in this case.

**6.     Forum Shopping Remains A Distinct Possibility In This Case**

Given that Plaintiffs are both Maryland residents who worked in Maryland under contracts governed by Maryland law, and their counsel is in Maryland, the Court should be wary about the possibility of forum shopping in this case. Plaintiffs argue that the fluctuating workweek method of compensation under the FLSA is irrelevant to this case, because their allegations in the complaint and the purported terms of Plaintiffs' employment contracts foreclose its application.[3] *See id.* at 6. However, Allstate has directly placed the fluctuating workweek at issue by asserting it as a defense in its answer. *See* Def.'s Answer and Defenses at 6 (Dkt. #4). As a result, this case is a fluctuating workweek case, notwithstanding Plaintiffs' theory of the case.[4]

For the foregoing reasons and the reasons provided in Allstate's motion for transfer of venue, Allstate respectfully requests that the Court transfer this case to the United States District Court for the District of Maryland, Baltimore Division.

---

[3] Plaintiffs incorrectly assert that their contracts "explicitly set forth that overtime over forty (40) hours would be paid at the time and one half rate." Pls.' Mem. at Ex. 1, Art. VI. Rather, consistent with 29 C.F.R. § 778.114, Article VI.A provides that overtime pay "will be computed at one-half the regular hourly rate of pay." *See id.*

[4] The only other plausible explanation for Plaintiffs' choice of forum appears to be that this Court is "extremely convenient" given counsel's office location. Again, such considerations do not factor into the venue transfer analysis. *Liban*, 305 F. Supp. 2d at 142.

        Respectfully submitted,

        _/s/William F. Allen_
        William F. Allen (D.C. Bar No. 454656)
        Tel.: 202.887.4245
        David A. Rappaport (D.C. Bar No. 489272)
        Tel.: 202.887.4307
        AKIN GUMP STRAUSS HAUER & FELD LLP
        1333 New Hampshire Avenue NW
        Washington, DC 20036
        Tel: 202.887.4000
        Fax:  202.887.4288

Date:  November 16, 2006

**CERTIFICATE OF SERVICE**

I hereby certify that on November 16, 2006, a copy of the foregoing Defendant Allstate Insurance Company's Reply Memorandum to Plaintiffs' Opposition to Motion for Transfer of Venue was served upon the following by CM/ECF electronic notification and by First Class United States Mail, postage pre-paid:

Philip B. Zipin
The Zipin Law Firm, LLC
8403 Colesville Road, Suite 610
Silver Spring, MD 20910

      /s/ Thaddeus Plante