UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GOODLUCK ONYENEHO, et al. ) | |
| ) | |
| Personally and On Behalf of All Others ) | |
| Similarly Situated ) | |
| ) | |
| Plaintiffs, ) | Civil Action No. 06-1365 (ESH) |
| ) | |
| v. ) | |
| ) | |
| ALLSTATE INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Goodluck Onyeneho and Adetola Adu-Nyamekye, both of whom were formerly employed by defendant as "R3000" trainee insurance agents in an eighteen-month training program, have brought suit in the District of Columbia on behalf of themselves and all others similarly situated, alleging four causes of action arising out of defendant's alleged failure to pay overtime wages. (Pl. Opp. at 1-2.) Specifically, plaintiffs allege that defendant violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.*; and the Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq.* (Compl. at 1-2.) They also assert a common law breach of contract claim. (*Id.*) Defendant is a corporation with its principal place of business in Northbrook, Illinois, and it conducts business in both Maryland and the District of Columbia. (Answer ¶ 2; *see* Def. Mot. at 2.) Plaintiffs are residents of Maryland and performed their work as insurance sales agents for defendant primarily from defendant's Columbia, Maryland office. (Compl. ¶¶ 1, 8.) Plaintiffs have designated this suit as

a collective action under Section 216(b) of the FLSA, which requires that prospective plaintiffs file written consent with the Court to "opt-in" to an action. (Compl. at 5.) Apart from the two named plaintiffs, no other current or former Allstate employee has filed as of this date a notice of consent to be joined as a plaintiff in this action.

Defendant has moved to transfer this matter to the United States District Court for the District of Maryland in Baltimore pursuant to 28 U.S.C. § 1404(a), which states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The moving party bears the burden of showing that transfer is proper. *Trout Unlimited v. U.S. Dep't of Agric.*, 944 F. Supp. 13, 16 (D.D.C. 1996). Section 1404(a) grants the district court discretion to "adjudicate motions to transfer according to individualized, case-by-case consideration of convenience and fairness.'" *Reiffin v. Microsoft Corp.*, 104 F. Supp. 2d 48, 50 (D.D.C. 2000) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)). Courts retain broad discretion in balancing the asserted convenience and fairness to the parties. *Sheraton Operating Corp. v. Just Corporate Travel*, 984 F. Supp. 22, 25 (D.D.C. 1997).

To succeed on a motion to transfer, defendant must first establish that the action could have been brought in the proposed transferee district, *i.e.*, the District of Maryland. *DeLoach v. Philip Morris Co.,* 132 F. Supp. 2d 22, 24 (D.D.C. 2000). Second, it must "demonstrate that the balance of convenience of the parties and witnesses and the interest of justice are in their favor." *Consol. Metal Prods., Inc. v. Am. Petroleum Inst.*, 569 F. Supp. 773, 774 (D.D.C. 1983). It is undisputed that this action could have been brought in the District of Maryland. Therefore, it is only the second inquiry that requires examination.

In evaluating a motion to transfer pursuant to 28 U.S.C. § 1404(a), a court must weigh a number of private and public interest factors. *See Reiffin*, 104 F. Supp. 2d at 51-52. Private interest factors include, but are not limited to: (1) plaintiffs' privilege of choosing the forum; (2) defendant's preferred forum; (3) location where the claim arose; (4) convenience of the parties; (5) convenience of witnesses, but only to the extent that witnesses may be unavailable for trial in one of the fora; and (6) ease of access to sources of proof. Public interest considerations include: (1) the transferee's familiarity with the governing law; (2) the relative congestion of the courts of the transferor and potential transferee; and (3) the local interest in deciding local controversies at home. *See Airport Working Group of Orange County, Inc. v. U.S. Dep't of Def.*, 226 F. Supp. 2d 227, 229 (D.D.C. 2002) (citing *Trout Unlimited*, 944 F. Supp. at 16). Applying these factors here, the Court finds that they weigh in favor of transfer to the District of Maryland.

Defendant argues that this action should be transferred to the District of Maryland because, *inter alia*, both plaintiffs reside in Maryland, plaintiffs' claims arose in Maryland as they "performed insurance sales for Defendant primarily from Defendant's office in Columbia, Maryland" and performed the majority of their work for defendant in Maryland (*see* Compl. ¶ 8; Freidman Decl. ¶¶ 4-5), the relevant sources of proof are more likely to exist in Maryland, and the Maryland district court will be more familiar with the law governing plaintiffs' state law claims. (Def. Mot. at 5-8). Defendant also accuses plaintiffs of forum-shopping to avoid unfavorable Fourth Circuit precedent. (*Id.* at 5.) In response, plaintiffs dispute defendant's contentions and argue that their choice of forum is owed "substantial deference." (Pl. Opp. at 3.)

As an initial matter, it should be noted that several of the relevant factors do not tip the scales either in favor of or against transfer. For example, because Maryland and the District of

Columbia are in close proximity, the convenience of the parties would not be greatly affected whether this action remains in the District of Columbia or is transferred to Maryland.[1] *See Liban v. Churchey Group II, L.L.C.*, 305 F. Supp. 2d 136, 142 (D.D.C. 2004) (noting that inconvenience is minimized in transfer from the District of Columbia to Maryland) (citing *Kafack v. Primerica Life Ins. Co.*, 934 F. Supp. 3, 7 (D.D.C. 1996)). Similarly, the parties do not contend that any witness would be unavailable in either forum. (Def. Mot. at 7.) And though the most recent statistics indicate that civil matters reach a disposition several months faster in the District of Maryland than in the District of Columbia, the Court does not find this difference to be significant enough to weigh in favor of transfer.

The Court, however, finds that several important factors weigh in favor of transfer. First, the District of Maryland is defendant's preferred venue. (Def. Mot. at 6.) More importantly, plaintiffs' claims arose out of their work while employed at defendant's Columbia, Maryland office. Plaintiffs were "stationed" in Maryland and do not dispute that they performed the majority of their work activities in Maryland, received their wages in Maryland, and were supervised by individuals in Maryland. (*See* Onyeneho Aff. ¶ 3; Adu-Nyamekye Aff. ¶ 3; Friedman Decl. ¶¶ 4-7; Crupper Decl. ¶¶ 5-8.) These facts indicate that plaintiffs' claims arose in Maryland and weigh heavily in favor of transfer. Similarly, though the parties have not identified what they believe will be the important sources of proof in this litigation or their locations, because plaintiffs were supervised in Maryland and worked primarily from the

---

[1] Plaintiffs urge the Court to consider the location of plaintiffs' counsel in its analysis of the convenience of the parties. (Pl. Opp. at 5.) However, "[t]he location of counsel 'carries little, if any, weight in an analysis under § 1404(a).'" *Reiffin*, 104 F. Supp. 2d at 52 n.7 (quoting *Vencor Nursing Ctrs., L.P. v. Shalala*, 63 F. Supp. 2d 1, 6 n.4 (D.D.C. 1999). Moreover, plaintiffs' counsel are located in Silver Spring, Maryland, so their location hardly argues for one jurisdiction or the other.

Columbia, Maryland office, relevant employment documents are likely to be found in Maryland.

Furthermore, while both forums are equally qualified to address plaintiffs' federal FLSA claims, plaintiffs have also asserted Maryland state law claims. Plaintiffs "concede the obvious" -- that Maryland courts have greater familiarity with Maryland law -- but contend that "it is likely, although not definite," that other trainee-agents nationwide will opt-in to this action, and plaintiffs' FLSA claims will become the "main issue." (Pl. Opp. at 6 (emphasis omitted).) The Court declines to speculate on which claims will ultimately predominate, but must assess the transfer motion based on the case as presented in the complaint. The transferee's familiarity with the governing law is a significant consideration, *see Berenson*, 319 F. Supp. 2d at 4-5, and the presence of Maryland state law claims weighs in favor of transfer. *See Schmid Labs., Inc. v. Hartford Accident and Indem. Co.*, 654 F. Supp. 734, 736 (D.D.C. 1986) ("The benefit of having a local court construe its own law is a relevant factor in considering a transfer motion."). Similarly, the local interest factor argues for transfer to Maryland, which has a greater interest than the District of Columbia in regulating Maryland employers and in interpreting and enforcing Maryland wage laws. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 509 (1947). This is especially true because not only were both plaintiffs stationed in Maryland during their eighteen-month R3000 training program, but apparently *no* R3000 trainee worked in an office in the District of Columbia. (Crupper Decl. ¶ 12.)

Finally, defendant argues that plaintiffs have chosen this forum simply to avoid disadvantageous precedent in the Fourth Circuit on the "fluctuating workweek" method of calculating overtime under the FLSA. *See* 29 C.F.R. § 778.114. (Def. Mot. at 5.) Though plaintiffs vehemently deny this accusation and claim that they "do not believe the fluctuating

workweek is even relevant to their claim" (Pl. Opp. at 5), interpretation of the fluctuating workweek will undeniably be at issue in this case, as defendant has asserted it as a defense. (Answer at 6). The Court is indeed concerned about the possibility of forum shopping here, since it is hard to detect any valid reason for Maryland plaintiffs to seek to adjudicate their claims, including Maryland state law claims, in this jurisdiction. To the extent that plaintiffs are engaging in forum shopping, it weighs in favor of transfer to the more appropriate forum. *See Schmid*, 654 F. Supp. at 736 (noting that because the statutory transfer provisions were in part intended to prevent forum shopping, it is against "the interest of justice to encourage, or even allow, a plaintiff to select one district exclusively or primarily to obtain or avoid specific precedents").

In contrast to these significant connections to Maryland, the only factor weighing against transfer here is the plaintiffs' choice of forum. Ordinarily, a plaintiff's choice of forum is entitled to considerable deference. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255 (1981); *Armco Steel Co. L.P. v. CSX Corp.*, 790 F. Supp. 311, 323 (D.D.C. 1991). However, that deference is minimized where "the plaintiffs' choice of forum has no meaningful ties to the controversy and no particular interest in the parties or the subject matter," and "the defendant['s] burden in a motion to transfer decreases when the plaintiffs' choice of forum has no meaningful nexus to the controversy and the parties."[2] *Greater Yellowstone Coalition v. Bosworth*, 180 F.

---

[2]Defendant asserts that less deference is due to a plaintiff's choice of forum in the context of a nationwide class action. (Def. Mot. at 4 (citing *Berenson v. Nat'l Fin. Servs., LLC*, 319 F. Supp. 2d 1, 2 (D.D.C. 2004).)  However, collective actions under the FLSA require prospective plaintiffs to affirmatively opt-in to the action, unlike class actions under Federal Rule of Civil Procedure 23, in which plaintiffs are included unless they opt-out. Several courts have noted that "the 'opt-in' structure of collective actions under section 216(b) of the FLSA strongly suggests that Congress intended to give plaintiffs considerable control over the bringing of a FLSA action." *Johnson v. Big Lots Stores, Inc.*, 2005 WL 357200, at *4 (E.D. La. Feb. 10,

Supp. 2d 124, 128 (D.D.C. 2001) (internal quotation marks and citations omitted); *see Liban*, 305 F. Supp. 2d at 141-42; *Airport Working Group*, 226 F. Supp. 2d at 230.  The deference owed to plaintiffs' choice of forum is further diminished where "transfer is sought to the forum where plaintiffs reside."  *Citizen Advocates for Responsible Expansion, Inc. v. Dole*, 561 F. Supp. 1238, 1239 (D.D.C. 1983); *see Payne v. Giant of Maryland, L.L.C.*, 2006 WL 1793303, at *4 (D.D.C. June 28, 2006); *Turner & Newall, P.L.C. v. Canadian Universal Ins. Co.*, 652 F. Supp. 1308, 1310 (D.D.C. 1987) (noting that the presumption against disturbing plaintiff's choice of forum "may switch to defendants' favor in the District of Columbia when neither party resides in the chosen forum and the cause of action arises elsewhere").  Both plaintiffs reside in Maryland, and the only factual connection to the District of Columbia that they articulate is that they conducted a small portion of their business on behalf of Allstate here.  Plaintiffs assert that Onyeneho sold between two and five insurance policies in the District of Columbia, and Adu-Nyamekya sold approximately ten policies here.[3]  (Pl. Opp. at 2.)  Defendant claims that its records show that

---

2005) (quoting *Alix v. Shoney's*, 1997 WL 66771, at *3 (E.D. La. Feb. 18, 1997)); *see Salinas v. O'Reilly Auto., Inc.*, 358 F. Supp. 2d 569, 571 (N.D. Tex. 2005).  Nevertheless, as defendants are seeking transfer to plaintiffs' home forum, the fact that this case has been designated a collective action under the FLSA is of little importance in the face of numerous other factors weighing strongly in favor of transfer, including that fact that it appears that no potential class member actually worked out of an office in the District of Columbia.  (*See* Crupper Decl. ¶ 12.)

[3] Plaintiffs have also filed the declaration of Latine Halstead, a current Allstate agent formerly employed in the same eighteen-month training program as plaintiffs Onyeneho and Adu-Nyamekye, who states she has sold 130 policies to D.C. residents.  (Halstead Aff. ¶ 5.)  Halstead attests that she is "interested" in joining this action, but is reluctant to do so because she is concerned about retaliation by Allstate and "other adverse consequences."  (*Id.* ¶ 3.)  While the Court does not doubt that R3000 trainee insurance agents at Allstate sold insurance policies in the District of Columbia, it declines to speculate on which, if any, additional employees might join this action, and it will not consider the D.C. activities of a non-party in its evaluation of this motion.  Moreover, while courts have considered the distribution of a putative class in deciding transfer motions, *see Berenson*, 319 F. Supp. 2d at 3; *Ellis v. Costco Wholesale Corp.*, 372 F. Supp. 2d 530, 543 (N.D. Cal. 2005), plaintiffs have made no claim that the class is likely to

Onyeneho sold a total of 174 policies for Allstate, three of which were sold to D.C. residents, and Adu-Nyameke sold 137 policies, four of which were sold to D.C. residents. (Crupper Decl. ¶¶ 9, 10.) The relatively small percentage of Allstate business that plaintiffs conducted in the District of Columbia is insufficient to persuade the Court that the District has any significant interest in the parties or their claims. In short, plaintiffs' claims do not have any meaningful ties to the District of Columbia, and their selection of this forum thus carries little weight. *See Liban*, 305 F. Supp. 2d at 142.

Accordingly, after weighing all relevant factors, the Court concludes that this case should be transferred to the Northern Division of the United States District Court for the District of Maryland in Baltimore. Defendant's motion to transfer [Dkt. # 9] is **GRANTED**, and the Clerk of the Court is ordered to transfer this case to the United States District Court for the District of Maryland.

**SO ORDERED**.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: November 28, 2006

---

include a large number of D.C. residents. On the contrary, defendant has attested that no trainee-agent in the same training program as plaintiffs maintained an office in the District of Columbia. (Crupper Decl. ¶ 12.)